UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES REYNA,<br><br>        Petitioner,<br><br>    v.<br><br>DEBRA DEXTER,<br><br>        Respondent. | Case No. CV 07-5487 JVS(JC)<br><br>ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") and all of the records herein, including the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), and petitioner's objections to the Report and Recommendation ("Objections"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and adopts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections.

///

Petitioner's Objections rely on two California Court of Appeal decisions – People v. Ochoa, 179 Cal. App. 4th 650 (2009) and People v. Albarran, 149 Cal. App. 4th 214 (2007) – to argue the evidence against petitioner was insufficient to satisfy the gang enhancement statute, California Penal Code ("P.C.") § 186.22(b), since the prosecutor failed to prove that petitioner committed his crimes "for the benefit of, at the direction of, or in association with any criminal street gang[.]" P.C. § 186.22(b)(1) (2005). Petitioner's Objections are unconvincing. The cases petitioner cites are distinguishable from petitioner's circumstances. Ochoa stated that "a gang experts [sic] testimony alone is insufficient to find an offense gang related"; rather, the record "'must provide some evidentiary support, other than merely the defendant's record of prior offenses and past gang activities or personal affiliations, for a finding that the crime was committed for the benefit of, at the direction of, or in association with a criminal street gang.'" Ochoa, 179 Cal. App. 4th at 657 (citation omitted). The California Court of Appeal held that in Ochoa's case there was insufficient evidentiary support when, "nothing in the circumstances of [Ochoa's carjacking and related] offenses sustain[ed] the expert witness's inference that they were gang related" since, among other things, "[t]here was no evidence the crimes were committed in . . . gang territory or the territory of any of its rivals [and] [t]here was no evidence that the victim of the crimes was a gang member or a [gang] rival." Ochoa, 179 Cal. App. 4th at 662 (footnote omitted). However, petitioner's case does not suffer from the same deficiency. Rather, the evidence in petitioner's case demonstrated that after petitioner received an unsatisfactory response to a variation of a common gang-related challenge ("Where do I know you from?" rather than "Where you from?"), he drove up alongside the victim and, without provocation, shot the victim. Furthermore, the evidence demonstrated the shooting occurred in petitioner's gang's territory, and the shooting victim was an inactive member of a rival gang who was dressed in typical gang attire when petitioner shot him. As the Report and Recommendation

explains, this evidence, when combined with the expert testimony presented to the jury, is more than sufficient to support the jury's determination that petitioner committed the charged crimes for the benefit of a gang.

Albarran, the second case petitioner cites, is similarly unhelpful to him. Albarran was not a sufficiency of the evidence case. Rather, the issue in Albarran was whether gang evidence was properly admitted at trial. Albarran, 149 Cal. App. 4th at 217. In concluding that it was not, the California Court of Appeal determined there was insufficient evidence to demonstrate that, as the prosecutor argued, the motive for the crime was to gain respect and enhance the shooter's reputation within his gang because "the only evidence to support the respect motive is the fact of Albarran's gang affiliation." Id. at 227. As set forth above and in further detail in the Report and Recommendation, there was more evidence supporting the jury's determination that petitioner acted for the benefit of a gang than simply petitioner's gang affiliation. Accordingly, Albarran is inapposite.

Moreover, in making his objections, petitioner deftly avoids addressing People v. Albillar, 51 Cal. 4th 47 (2010), a recent California Supreme Court decision that determined that "[e]xpert opinion that particular criminal conduct [benefitted] a gang by enhancing its reputation for viciousness can be sufficient to raise the inference that the conduct was 'committed for the benefit of . . . a[ ] criminal street gang' within the meaning of section 186.22(b)(1)." Id. at 63. In this case there was certainly sufficient evidence, as detailed in the Report and Recommendation, for the jury reasonably to conclude that petitioner committed the charged crimes for the benefit of a gang. Accordingly, petitioner's Objections are overruled.

///
///
///

IT IS HEREBY ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Report and Recommendation, and the Judgment herein on counsel for petitioner and respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 29, 2011

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE